## Watson et ux. v. Kramer Bros. Freight Lines, Inc.

*Graham, Yost, Meyers & Graham, Frank B. Warfel,* and *Harold E. Miller,* for plaintiffs.

*Edward J. Harkins,* for defendant.

McCANN, P. J., June 18, 1945.—Plaintiffs in the above-entitled case filed a præcipe for summons in trespass, returnable the first Monday in March, 1942. Defendant entered a conditional appearance, or appearance de bene esse, in the case and filed a motion for a rule to set aside service of summons and return thereof. That is the issue before the court in the present proceeding.

On January 9, 1942, upon the filing of a præcipe, a summons in trespass was issued in this case, returnable the first Monday in March 1942. The return of the Sheriff of Cambria County, where the suit was instituted, is as follows:

"January 14, 1942, for service of the within Summons upon Kramer Bros. Freight Lines, Inc. see attached return of Robert J. Corbett, Sheriff of Allegheny County, Costs paid by Attorney for Plaintiff. So Answers,

PAT FARRELL, Sheriff."

The following is the return of the Sheriff of Allegheny County:

"Personally appeared before me H. B. Furlong, a Deputy for John Heinz, Sheriff of Allegheny County, Pennsylvania, who being duly sworn according to law, deposed and says that on the 14th day of January, 1942, he served Kramer Bros., Freight Lines, Inc. at its place of Business, at No. — Oliver Building, 532 Smithfield Street, Pittsburgh, Allegheny County, Pennsylvania, with a true and attested copy of the within writ by handing the same to and leaving with James H.

Boyd, Agent for said defendant, who for the time being in charge of the business thereof for the said Kramer Bros. Freight Lines, Inc. and making known to him the contents thereof."

The following is the deputization of the Sheriff of Cambria County to the Sheriff of Allegheny County:

"I hereby deputize the Sheriff of Allegheny County to serve the within summons upon Kramer Bros. Freight Lines, Inc. at Oliver Building, 537 Smithfield Street, Pittsburgh, Pennsylvania, James H. Boyd, Secretary."

Upon the entry of a conditional appearance on behalf of defendant, defendant moved the court to set aside the service of the summons and return thereof, assigning the following reasons for its motion:

"1. The plaintiff's statement of claim filed to no. 216, March term, 1942, alleges that defendant, Kramer Bros. Freight Lines, Inc., is a corporation organized and existing under the laws of the State of Michigan. The return of the sheriff shows that the Sheriff of Cambria County deputized the Sheriff of Allegheny County to serve the summons upon Kramer Bros. Freight Lines, Inc., at Oliver Building, 537 Smithfield Street, Pittsburgh, Pa., James H. Boyd, Secretary.

"The return of service shows that a Deputy Sheriff of Allegheny County, Pa., served the defendant at its place of business at No. — Oliver Building, 532 Smithfield Street, Pittsburgh, Allegheny County, Pa., by handing the same to and leaving with James H. Boyd, agent for said defendant, who for the time being in charge of the business thereof for said Kramer Bros. Freight Lines, Inc., and making known to him the contents thereof.

"2. Defendant contends that the service thus made is not a legal service upon the defendant above named, a foreign corporation. Defendant contends that the service of said summons should have been made upon the Secretary of the Commonwealth of Pennsylvania,

or upon the Secretary of Revenue of the Commonwealth of Pennsylvania.

"3. Defendant contends that the registered office referred to is not for the service of summons and that the service of summons in the above-stated case, as shown by the return of the sheriff, is not in accordance with the laws of the Commonwealth of Pennsylvania relative to the service of process and it is, therefore, invalid and of no effect."

Service of the above-mentioned rule was accepted by counsel of record for plaintiffs. The rule was returnable the first Monday of April 1942, but until this date no answer has been filed to the motion or rule. The action is one of trespass for personal injuries as a result of an automobile collision in Cambria County.

It is an unquestioned fact that defendant is a corporation organized under the laws of the State of Michigan, and we believe it is satisfactorily established that defendant corporation did a trucking or common carrier motor vehicle business in the State of Pennsylvania. The question before us is whether or not the service as made upon defendant is good.

Section 5 of article XVI of the Constitution of Pennsylvania provides:

"No foreign corporation shall do any business in this State without having one or more known places of business and an authorized agent or agents in the same upon whom process may be served."

Plaintiffs contend that they had the right to serve the writ upon an agent of defendant in Allegheny County. We believe this is correct if the return of the Sheriff of Allegheny County, upon its face, showed that he had served the summons upon defendant corporation by serving it upon an agent designated for the purpose of accepting process, by certificate filed with the Secretary of the Commonwealth at Harrisburg. The return does not disclose the nature or character of the office in Pittsburgh, except that it is a registered office, and

on its face it does not show a sufficient return, in that it fails to set forth that service was upon defendant through an agent designated to accept service of process. While it may be true that the agency in Pittsburgh is the one contemplated under the provision of the Constitution of the State, yet such does not appear in the return, and no answer has been filed to the rule to set aside the service. If an affirmative answer had been filed, setting forth the nature and character of the agency, we believe that the service might have been validated. But no answer has been filed and we have to take the naked return of the sheriff as the active service in the case.

We believe service would have been good if the return of the Sheriff of Allegheny County had shown that the service was upon an agent of defendant company authorized to accept service of process because, under the Constitution of the State, this was a condition precedent to the facility of doing business in Pennsylvania, and proper service upon an authorized agent in accordance with the provisions of the Constitution, we believe, would have been good no matter in what jurisdiction the action was commenced.

There is no doubt that the easiest and most certain method of obtaining service is under the acts of assembly which provide for service upon the Secretary of the Commonwealth or the Secretary of Revenue, as the case may be, but we do not believe that this is exclusive.

We believe, however, that the sheriff's return in this case is defective, and the rule to strike off the service should be made absolute.

### Decree

And now, June 18, 1945, after argument and upon due consideration, motion for rule to set aside service of summons and return thereof is made absolute without prejudice to plaintiff to file an answer to the rule nunc pro tunc.